# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TOMMY RAY COOLEY**                                                                 **PETITIONER**

**V.**                                                                       **NO. 1:09CV112-M-S**

**LEE COUNTY, et al.**                                                              **RESPONDENTS**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate currently incarcerated at the Tupelo Adult Jail, filed this matter pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in state court to possession of a firearm by a convicted felon and was sentenced to 20 years imprisonment. He has filed this habeas petition seeking relief from his state imposed sentence. Petitioner has admittedly not presented his claims to the State's highest court.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court must first exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

By his own admission, Petitioner states that he has not pursued an appeal[2] or any post-conviction relief. In fact, Petitioner states that this is his "first time [to] appeal". Although mischaracterized, it is abundantly clear that Petitioner has not presented his claims to the State's highest court as required before pursuing federal habeas relief. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. The federal habeas petition is, therefore, premature and will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of May, 2009.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[2] Under Mississippi law a defendant cannot appeal from a plea of guilty. Miss. Code Ann. § 99-35-101. A defendant may, however, appeal the sentence given as a result of the plea through a motion for post-conviction collateral relief. *Trotter v. State*, 554 So.2d 313, 315 (Miss. 1989); *Krickbaum v. State*, 990 So.2d 796, 797 (Miss. App. 2008).